Southard J.
I do not think it necessary to recapitulate *545 the facts. They are familiar to the recollection of those who feel an interest in the cause.
The first question to be considered, is the competency of the evidence respecting the consideration of the bond and mortgage. Their validity was necessary to justify a recovery of the premises by the plaintiff, and the defendant offered to prove that they were given under an agreement to discharge John G. Moore, who was in custody under an accusation of forgery, and were extorted from the defendant by fraud, device, and concealment, at a time, when by the visitation of God, he was deprived of his reason, (a) Three objections were taken to this evidence. 1. That a man may not stultify himself in order to avoid his deed. 2. That the Bank, who is lessor of the plaintiffs, as it exists only in contemplation of law, cannot be guilty of crimes, such as compounding of felony. 3. That the consideration of the bond and mortgage could not be inquired into. The Chief Justice, however, admitted the evidence.
Upon the argument of this rule, the two first objections were not noticed, but the counsel of the plaintiff relied altogether upon the third. That is the only one, therefore, to which I shall direct the attention. And in considering it, it is necessary to remark, that the evidence was not offered to prove that there was no consideration for the notes, or for the bond and mortgage, which were executed as collateral security for the notes. There is no doubt that John G. Moore received from the Bank the full amount for which they were given, and if his father, the defendant, without fraud and imposition, executed them as a surety and to secure the payment, they were unquestionably valid; the ^consideration was amply sufficient to sustain them. We may, therefore, lay out of view all that was said in argument, and all the authorities which were read to satisfy the court, that a writing under seal always imports, in itself, a consideration, and that it is not legal and proper to defeat it, by proving that no consideration existed.
Our inquiry on this subject, resolves itself into two questions. In an action of ejectment, where the plaintiff *546 claims title under a mortgage, is it proper for the defend- - ant to prove that the bond and mortgage were fraudulently obtained by deception and concealment? or were given to suppress a prosecution for forgery already commenced ? I think both these questions may be very safely answered in the affirmative. Whatever will avoid the bond and mortgage, is a competent defence in such a case, and that which shews a fraudulent or illegal consideration, will avoid them. A bond fraudulently obtained, or given to suppress a prosecution for felony, never can be supported in a court of justice. 2 Wils. 341-7. 1 P. Wms. 156, 220.
The counsel seemed to admit, in the argument, that fraud in the execution of a sealed instrument might be inquired into, but that fraud in the consideration could not. (a) I do not well comprehend the grounds of this distinction. The consideration and execution of such instruments are so united as not readily to be separated. It seldom, perhaps never, happens that there is fraud in the one and not in the other. But if this were not so, the law is not as was argued. Fraud reaches through every subject which it touches; it invalidates the consideration as well as the execution of all contracts, and may alwaj^s be proved. Besides, the evidence in this case was expressly designed to shew that the execution, both of the notes and of the bond and mortgage, was induced by imposition and fraud. I think, therefore, that the court judged rightly in admitting the evidence. Did the jury correctly estimate it when admitted? Was there proof of fraud ?
In considering this part of the case, it is important to remark, that the defendant attempted to prove, that at the time of the execution of these writings, an afflicting dispensation of providence had bereaved him of his understanding. His right to prove this was not questioned upon the argument: and the state of the case, the verdict of the *547 jury, and the manner in which the allegation was met by the counsel, leave a full impression that this part of *the defence was amply sustained upon the trial. It is under this full impression that the second point is considered : and I think it would be useless to spend much time upon it.
The question called peculiarly for the investigation of a jury and their opinion ought not to be lightly disturbed. The train of circumstances laid before them, from the first suspicion of the forgery and the mission to Ryder; to the midnight visit with the guilty son to the house of the unhappy father, and terminating in the concealment of the forgery of Ryder’s name; was certainly calculated to delude and defraud a firmer mind than Rynear Moore’s, in its best moments, much more in its then feeble and imbecile state. With such evidence before it, I should have been surprised had the jury come to a different result; and I think their verdict ought not to be set aside.
I express no opinion upon the evidence of compounding the felony, as a distinct point in this controversy. The facts which are supposed to prove it, form a part, and no inconsiderable part in that extraordinary detail, which so certainly and unavoidably led the jury to the true answer to the issue before them.
I think the rule should be discharged, and judgment entered for the defendant.
By the whole Court:
Let the rule be discharged.

 See Price vs. Summers, post 578.

 Accord, Armstrong vs. Hall, Coxe 178. Mason vs. Evans, Coxe 182. Den. Obert vs. Hammel, 3 Har. 81. Den vs. McKnight, 6 Hal. 392. Den. Wooden vs. Shotwell, 3 Zab. 465. Mulford vs. Peterson, 6 Vr. 127, 136. But see Rogers vs. Colt, 1 Zab. 18, 704. Stryker vs. Vanderbilt, 1 Dutch. 482. Garretson vs. Kane, 3 Dutch. 208. Leigh vs. Clark, 3 Stock. 110.